UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO CALDERON-JIMENEZ,<br><br>                                      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                      Respondent. | Criminal Case No.: 13cr2467-JAH<br>Civil Case No.: 16cv1798-JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 97).** |

## **INTRODUCTION**

This matter comes before the Court on Petitioner Pablo Calderon-Jimenez's ("Petitioner") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. No. 97. Petitioner's motion has been fully briefed. *See* Doc. No. 99. Under Rule 4 of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that a petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing § 2255 Proceedings; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). Having thoroughly considered the parties' briefing, the relevant record, and, in accordance with Rule 4, the Court finds oral argument unnecessary, and hereby **DENIES** Petitioner's motion.

1

Crim. Case No.: 13cr2467-JAH
Civil Case No.: 16cv1798-JAH

## BACKGROUND

On July 2, 2013, Petitioner was charged in an indictment for being a removed alien found in the United States in violation of 28 U.S.C. § 1326. *See* Doc. No. 1. On May 5, 2014, a jury returned a verdict finding Petitioner guilty. *See* Doc. No. 48. At sentencing, the Court determined Petitioner's adjusted offense level was 22, as a result of a sixteen-level enhancement "due to the crime of violence committed prior to a deportation," and a minus-two adjustment for acceptance of responsibility. *See* Doc. No. 82 at 24. Petitioner had a criminal history score of 13 and criminal history category of six, and a Guideline range of 84 to 105 months in custody. *Id.* Petitioner was sentenced to 70-months in Bureau of Prisons custody, followed by three years of supervised release. *See* Doc. No. 66. Judgment was entered on November 26, 2014. *See* Doc. Nos. 66, 67. After imposition of the sentence, Petitioner appealed his conviction to the Ninth Circuit. *See* Doc. No. 68. The Ninth Circuit affirmed his conviction in an unpublished memorandum decision on February 2, 2016. *See* Doc. No. 93.

On July 11, 2016, Petitioner, proceeding *pro se*, filed the instant § 2255 motion arguing, as his basis for relief, *United States v. Johnson.* 135 S. Ct. 2551 (2015); Doc. No. 97. On December 30, 2016, Respondent filed a response in opposition. *See* Doc. No. 99. Petitioner did not file a reply brief.

## DISCUSSION

As a threshold matter, "a defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] . . . claim the right to be released from custody." *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). Here, the Bureau of Prisons ("BOP") inmate locator indicates that Petitioner was released from custody on June 20, 2018.[1] Despite Petitioner being out of BOP custody, he is still under supervised release and therefore in custody within the meaning of § 2255. *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir.

---

[1] See Inmate Locator & Record Availability, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 26, 2020).

2

Crim. Case No.: 13cr2467-JAH
Civil Case No.: 16cv1798-JAH

2005) (*quoting Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("[A] habeas petitioner remains in the custody of the United States while on supervised release")).

**I. Motion to Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255**

**A. Legal Standard**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to petitions for writ of *habeas corpus* filed in federal court after April 24, 1996. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Therefore, the instant petition is subject to AEDPA because it was filed on July 11, 2016. A § 2255 motion may be brought to vacate, set aside, or correct a federal sentence on the following grounds: (1) that the sentence "was imposed in violation of the Constitution or laws of the United States," (2) that "the court was without jurisdiction to impose such [a] sentence," (3) that "the sentence was in excess of the maximum authorized by law," or (4) that "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**B. Analysis**

In *Johnson*, the Court held that the residual clause of the Armed Career Criminal Act ("A.C.C.A.") was void for vagueness because it violates Due Process. *Johnson, supra*, 135 S. Ct. at 2551. The Court explicitly stated its decision "does not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), and a felony offense that "is burglary, arson, or extortion, [or] involves use of explosives," 18 U.S.C. § 924(e)(2)(B)(ii). 135 S.Ct. at 2563. Moreover, the Court held that its decision in *Johnson* announced a new substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Later, the Court determined that a similar provision in the Guidelines was not unconstitutional because the Guidelines were merely advisory. *Beckles v. United States*, 137 S. Ct. 886 (2017) ("Because they merely guide the

3

district court's discretion, the Guidelines are not amenable to a void for vagueness challenge.")

Petitioner challenges "his +16 points enhancement increased [sic] for a past state statute conviction that resulted in his deportation. The enhancement was based on a California Penal Code 422 when he was being sentence [sic] for Illegal Re-Entry 8 U.S.C. 1326(a)(b)(2)[.]" See Doc. No. 97 at 1. In response, Respondent argues that Petitioner is not entitled to habeas relief because Petitioner "was not sentenced using any guidelines provision that contains language similar to the language found infirm in Johnson, [therefore] his petition must be denied." See Doc. No. 99 at 4 (citations omitted).

The Court finds the holding in *Johnson* does not provide a basis for relief for Petitioner. The United States Sentencing Guidelines ("USSG") provides for a sixteen-level enhancement if "the defendant previously was deported ... after ... a conviction for a felony that is ... a crime of violence." USSG § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 provides that:

> "Crime of violence" means any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

USSG § 2L1.2, Application Note 1(B)(iii).

As stated above, this Court prescribed Petitioner a sixteen-level sentence enhancement for a violation of California Penal Code § 422. The Ninth Circuit has established that California Penal Code § 422 is "categorically a conviction for a crime of violence," as it "requires a threatened use of violent physical force against another person." *United States v. Villavicencio-Burruel*, 608 F.3d 556, 562 (9th Cir. 2010). This was reaffirmed in Petitioner's direct appeal. *United States v. Pablo Calderon-Jimenez*, 637 F.

4

App'x. 295 (9th Cir. 2016) (unpublished) ("Calderon-Jimenez's argument that a criminal threats conviction under California Penal Code § 422 was not a crime of violence under §2L1.2 of the Sentencing Guidelines is squarely foreclosed by [*Villavicenio-Burruel*]"). Therefore, because Petitioner's sentence enhancement was not prescribed by the residual clause and there is no language in USSG § 2L1.2 or the commentary to USSG § 2L1.2 similar to the residual clause, such that a reasonabe argument can be made that USSG § 2L1.2 should be invalidated by the ruling in *Johnson*, Petitioner's habeas fails.

## II. Certificate of Appealability

To appeal a district court's denial of a § 2255 petition, a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, no reasonable jurist could conclude that Petitioner is entitled to relief based on the arguments set forth in his § 2255 motion. Accordingly, the Court declines to grant Petitioner a certificate of appealability.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. Doc. No. 97.

**IT IS SO ORDERED.**

DATED: March 6, 2020

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

5

Crim. Case No.: 13cr2467-JAH
Civil Case No.: 16cv1798-JAH